[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

No. 04-13642
Non-Argument Calendar

_____

BIA No. A76-946-832

WOODISON GERMAIN,

                                                            Petitioner,

    versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

(July 19, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

    Woodison Germain petitions for review of the Board of Immigration

Appeals's ("BIA") denial of his motion to reopen its final order affirming the

Immigration Judge's ("IJ") decision denying asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or punishment ("CAT"). Because Germain's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), apply. On appeal, Germain argues that the BIA's one-paragraph denial of his motion to reopen constituted an abuse of discretion because the BIA failed to provide him with a reasoned explanation of its decision. Germain argues further that the BIA abused its discretion in denying his motion because he established a prima facie case for asylum since he established both past persecution and a well-founded fear of future persecution based on (1) his father and grandfather having been brutally murdered, his sister having been almost kidnaped, his mother having been arrested without legal basis, and his having to live in hiding for nine years; (2) his family association with the military and Duvalier regimes; and (3) the instability of the Haitian government.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because we have held that "the Attorney General has broad discretion to

grant or deny [motions to reopen]," we employ "a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen regardless of the underlying basis of the alien's request for relief." Al Najjar, 257 F.3d at 1302 (internal citations omitted).

The Supreme Court has analogized the burden on an applicant seeking to reopen immigration proceedings to that imposed on a criminal defendant seeking a new trial "on the basis of newly discovered evidence as to which courts have uniformly held that the moving party bears a heavy burden." INS v. Abudu, 485 U.S. 94, 110, 108 S.Ct. 904, 914, 99 L.Ed.2d 90 (1988). "The implication of this analogy . . . and the fact that the regulations plainly disfavor motions to reopen all support the BIA's imposition of a 'heavy burden.'" Al Najjar, 257 F.3d at 1302.

At a minimum, there are at least three independent grounds upon which the BIA may deny a motion to reopen: "1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." Al Najjar, 257 F.3d at 1302.

Under 8 C.F.R. § 1003.2(c)(1), "motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at

the former hearing." 8 C.F.R. § 1003.2(c)(1). In explaining 8 C.F.R. § 1003.2(c)(1), we have stated that

> [t]he provision is framed negatively, by directing the Board not to reopen unless certain showings are made. It does not affirmatively require the Board to reopen the proceedings under any particular condition. Thus, the regulations may be construed to provide the Board with discretion in determining under what circumstances proceedings should be reopened

Al Najjar, 257 F.3d at 1301(citations and internal quotes omitted).

Moreover, as the Fifth Circuit has persuasively held, in any decision the BIA "has no duty to write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Osuchukwu v. INS, 744 F.2d 1136, 1142-1143 (5th Cir. 1984).

To establish asylum eligibility, the petitioners must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, such as political opinion or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. If petitioners demonstrate past persecution, they are presumed to have a well-founded fear of future persecution unless the government can rebut

4

this presumption by showing a fundamental change in circumstances in the country or the ability to avoid future persecution by relocating within the country. 8 C.F.R § 208.13(b)(1). If petitioners cannot show past persecution, then they must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable. See Al Najjar, 257 F.3d at 1289. The subjective component can be proved "by the applicant's credible testimony that he or she genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution." Id. (quotation omitted).

Although the INA does not expressly define "persecution" for purposes of qualifying as a "refugee," see 8 U.S.C. § 1101(a)(42), we have stated that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2004) (quotations omitted). "Persecution on account of . . . political opinion . . . is persecution on account of the victim's political opinion, not the persecutor's." INS v. Elias-Zacarias, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992) (internal quotations omitted). We have recognized that an imputed political opinion is a valid ground upon which the "on account of" requirement for a well-founded fear of persecution may be based. Al

Najjar, 257 F.3d at 1289. We have held, however, that it is insufficient to show merely that a political opinion would be imputed to the refugee; instead, the refugee must also show a well-founded fear of persecution based specifically on the imputed political opinion, and not upon some other ground. Id.; see also Elias-Zacarias, 502 U.S. at 483, 112 S.Ct. at 816 (holding that an asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion).

To establish the necessary causal connection between the political opinion and the feared persecution, the alien must present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of such an opinion." Sepulveda, 401 F.3d at 1231 (quotation omitted) (emphasis in original). Furthermore, we have approved of a "country-wide requirement" in which a refugee must first pursue an "internal resettlement alternative" in their own country, or establish that this is not possible, before seeking asylum here. Mazariegos v. United States Att'y Gen., 241 F.3d 1320, 1326-27 (11th Cir. 2001).

The BIA's decision denying Germain's motion to reopen gives a proper and sufficient basis for review because the BIA considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that the BIA heard and thought and not merely reacted. The BIA's opinion

demonstrates that it considered the issues raised when it stated that "[t]he respondent moves the Board pursuant to 8 C.F.R. § 1003.2 to reopen our decision dated February 12, 2004. The respondent's motion is based on a claim of changed country conditions in Haiti following the departure of Jean-Bertrand Aristide." The BIA explained its reasoning when it stated that Germain had failed to establish a prima facie case of eligibility because he did not establish that he had a well-founded fear of being harmed on account of a protected ground or that he would more likely than not face torture.

Additionally, Germain failed to establish a prima facie case for asylum because he did not prove that he suffered past persecution or had a well-founded fear of future persecution based on his being singled out because of the imputed political associations of his father and grandfather. Although these terrible things happened to his family members, he testified that he had never personally been singled out for persecution and also that he had never been a participant in any political movements. Furthermore, his mother and sisters have lived in Haiti without incident for almost ten years.

Based on the foregoing, we affirm the BIA's denial of Germain's motion to reopen.

7

**AFFIRMED.**[1]

---

[1] Germain's request for oral argument is denied.